DAVID BERKE (SBN #123007)
LAW OFFICES OF DAVID BERKE
369 S. DOHENY DR., #508
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (310) 251-0700
david@berkeslaw.net

ATTORNEY FOR DEFENDANT
ANITRA KYEES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIGEN HOLDINGS, LTD<br>A British Virgin Islands limited company,<br><br>Plaintiff,<br><br>vs.<br><br>ANITRA KYEES,<br><br>Defendant. | Case No.: 2:18-cv-00662<br><br>**PRELIMINARY REPORT OF DR. DUANE R. CHARTIER FILED IN CONNECTION WITH ANITRA KYEES' INITIAL EXPERT DISCLOSURES** |

## PRELIMINARY REPORT OF DR. DUANE R. CHARTIER

1.      My name is Dr. Duane R. Chartier, and I have been asked to and agreed to act as an expert for Defendant in this action, Anitra Kyees. I am not a party to the within captioned matter, or employed by one. As indicated by my attached CV, I am an expert in various fields of fine arts including, but by no means limited to, the specific fields of Art Conservation, Art Fakery, Art Authentication and Art Ownership Identification. Also as indicated by the attached CV, I am presently the President of the International Center for Art Intelligence, Inc., and my various fields of expertise and professional endeavors in the art world are set forth on my CV, a true and correct copy of which is attached hereto as Exhibit 1.

2.      I have been asked to provide (i) **a complete statement of all opinions that I will express, and the basis and reasons for them.**

3.      Subject to, and without waiver of, later supplementation, revision and/or change, specifically, I have been asked to provide my expert opinion on the current ownership and the identity of the party-in-possession of Francis Bacon's work known as *Triptych Inspired by the Oresteia of Aeschylus, 1981* (the "Painting"). It is my understanding from reading some of the case materials that the Plaintiff seems to be implying that it either owned, possessed and/had unfettered rights to sell the Painting. Based on my research and expert knowledge, it is my expert opinion that the Painting is in fact owned and in the possession (or control) of Astrup Fearnley Collection housed at the Astrup Fearnley Museet, located in Oslo, Norway (the "Museum").

4.      I was able to reach these conclusions by reviewing (a) the Website operated by the Astrup Fearnley Museet in Oslo, Norway, at http://afmuseet.no/en/hva-skjer/2017/september/kveldsomvisning, and (b) the catalog ressionnee for the Painting offered on the Francis Bacon Website at https://www.francis-bacon.com/news/catalogue-raisionne-focus-triptych-inspired-oresteia-aeschylus-1981. A true and correct copy of the relevant pages from the Museum's Website relating to Bacon's *Triptych Inspired by the Oresteia of Aeschylus, 1981* are attached hereto as Exhibit 2 (pp. 1-2), along with a true and correct copy of the catalog ressionnee for *Triptych Inspired by the Oresteia of Aeschylus, 1981* (pp. 3-4).

6.      As indicated by the Website operated by the Astrup Fearnley Museet in Oslo, Norway at http://afmuseet.no/en/hva-skjer/2017/september/kveldsomvisning (Exhibit 2 hereto, at pp. 1-2), the Francis Bacon work entitled *Triptych Inspired by the Oresteia of Aeschylus, 1981* is owned by and located at the Museum (when it is not otherwise being displayed on loan elsewhere).

7.      Reviewing this Exhibit 2, a photograph of the Painting hanging on the Museum's gallery wall self-evidently demonstrates **possession**. Second, the work is denominated as a "painting in the Astrup Fearnley Collection" (*i.e.,* **ownership**), with the term "collection" denoting "ownership" in the parlance of the art world. Indeed, this description may be found on three occasions in this 2-page excerpt from the Museum's Website.

8.      The second source that I used to determine the Painting's ownership/location is a stylized document known as a "catalogue raisonné," which is "*a comprehensive, annotated listing of all the known artworks by an artist either in a particular medium or all media. The works are described in such a way that they may be reliably identified by third parties.*"

9.      This rather good definition, quoted above, can be found online at https://en.wikipedia.org/wiki/Catalogue_raisonné (and retrieved by me on10/25/2018), and really only requires the inquiring party to apply that definition into an operational perspective regarding a particular work. For an artist, a catalogue raisonné represents the highest form of authoritative information regarding an artist's oeuvre (combined works). It is absolutely routine for art professionals to trust and rely upon the veracity of the data found in a catalogue raisonné.

10.      Generally, not all artists have definitive catalogues raisonnés. However, considerable resources have been committed to produce such works for major artists. This essential documentary source is used by art professionals (museum curators, art historians, auction houses, appraisers and others) as way of determining authenticity, technical details, provenance and current ownership (with the caveat that the catalogue is routinely updated). The catalogues were traditionally published in book form but there are an increasing number that have been created on-line, These have the advantage of being relatively easy to maintain and update as well as not costing the user a great deal

to access. Again, the catalogues raisonnés for the Painting I have used should be and is considered comprehensive and accurate.

11.     Further, the attached catalogue raisonné for *Triptych Inspired by the Oresteia of Aeschylus, 1981* (Exhibit 2 hereto, at pp. 3-4), in addition to a brief detail of the Painting's origins and a review of the work, indicates that it will be "on display until 2 September [2018] . . ." in an exhibit at a gallery in Switzerland. Approximately 2 months ago, then, the Painting had been lent by the Astrup Fearnley Museet for display in another country. An art piece of the magnitude of *Triptych Inspired by the Oresteia of Aeschylus, 1981* only travels at the express direction of its owner.

12.     By way of example only, I have spent in excess of 400 hours helping to establish an on-line catalogue raisonné for artist Wilson Hurley (www.wilson-hurley.com). This was done in conjunction with the wife and executor of the artist, Roz Hurley, who has sole authority for accepting the inclusion of works within the catalogue. During the course of my 40-some years in the Art World, I have had considerable personal experience in authentication disputes with dealers and other individual vendors who have represented themselves as authorized to sell works when they have absolutely no right to do so. Unfortunately, this is not an uncommon occurrence in the market for Fine Art.

13.     For emphasis, then, using the existing catalogue of Francis Bacon to search the parameters for the Painting in question (Francis Bacon, *Triptych Inspired by the Oresteia of Aeschylus, 1981*) is the best and most reliable method for determining provenance. If any other entity than the listed owner in the catalogue is attempting to sell the painting, there must be a clear, legally verifiable, authority to do so from the known owner (re: the catalogue raisonné the Painting by Francis Bacon entitled *Triptych Inspired by the Oresteia of Aeschylus, 1981* is owned by and (usually) on display at the Astrup Fearnley Museet in Oslo, Norway.

14.     Regarding (ii) the facts or data considered by me in forming my opinions, they include, without limitation, the Webpages set forth in detail in Paragraph 4, above. In addition, I reviewed the Complaint and Answer filed in this matter, as well as a copy of a "Purchase Contract" purportedly executed, in part. I had discussions with my counsel, David Berke, and I also

used, of course, my some 40 years education and experience in the Art World to assist me in reaching the opinions and/or conclusions contained herein.

15.  With relation to (iii) any exhibits that I might use to summarize or support my opinions, at the present time I do not have any additional exhibits to reference, other than the ones attached hereto.

16.  A review of my CV will provide a full account of my (iv) expert qualifications, and it includes a list of all publications authored by me in the previous 10 years.

17.  Exhibit 3 hereto will provide (v) a list of all other cases in which, during the previous 4 years, I have testified as an expert at trial or by deposition; and

18.  Finally, (vi) a statement of the compensation to be paid for the study and testimony in this case has been provided already in the Declaration of David Berke, filed in support of Defendant Anitra Kyees' Initial Expert Disclosure.

I swear under the penalty of perjury of the laws of the State of California and the United States of America the foregoing is true and correct.

Executed this 15th day of November, 2018, in Los Angeles, California

Dr. Duane R. Chartier

VIGEN HOLDINGS, LTD. V. KYEES
CASE NO. 2:18-cv-00662

5

PRELIMINARY EXPERT REPORT OF DR. DUANE R. CHARTIER